STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, ss                                     CIVIL ACTION
                                                  DOCKET # RE-03-14

AMM-PEN-
10/4/2004
FILED & ENTERED
SUPERIOR COURT
OCT 04 2004
PENOBSCOT COUNTY

LOCAL NO. 496 OF THE
INTERNATIONAL ASSOCIATION          )
 OF BRIDGE STRUCTURAL              )
ORNAMENTAL AND REINFORCING         )
IRONWORKERS ("Local No. 496"),     )
                                   )
            Plaintiffs             )
                                   )
v.                                 )          **DECISION AND**
WAL-MART REAL ESTATE               )          **ORDER**
BUSINESS TRUST,                    )
            and                    )
      ALVIN J.                     )
COLEMAN & SON INC.,                )
                                   )
            and                    )
                                   )
INDUSTRIAL ENTERPRISES INC.,       )
                                   )
            Defendants             )
                                   )

NUV 4 2004

        This matter is before the Court on the two of the three Defendants', Wal-Mart Business

Trust (herein **"Wal-Mart"**) and Alvin J. Coleman & Son Inc. (herein **"Coleman"**), Motion for

Partial Summary Judgment pursuant to Rule 56 of the Maine Rules of Civil Procedure. They are

requesting this Court to enter summary judgment for the Defendants on the Plaintiff's Complaint

to the extent that Plaintiff, Ironworkers Local #496 (herein **"Ironworkers"**), seeks to enforce the

third Defendant's, Industrial Enterprises Inc. (herein **"Industrial"**), obligations to make

contributions to the Ironworkers District Council of New England Welfare, Pension and

Education Fund (herein **"Benefit Fund"**).

        The Ironworkers have also filed a Motion for Summary Judgment pursuant to Rule 56 of

the Maine Rules of Civil Procedure against the Defendants requesting this Court to enter

1

summary judgment in their favor and order the release of Coleman's bond in the amount of $47,129.27, plus costs, attorney's fees and interest from the date of the notice of the lien.

## Background

In July, 2002, the Ironworkers and Industrial contracted to, among other things, construct a Wal-Mart in Brewer, Maine. Ironworker's Statement of Material Facts (ISMF)¶1, 3. The contract established an hourly pay rate[1] under which the Ironworkers were to be paid and amounts that Industrial was to contribute to the Ironworker's Benefit Fund. See Defendant's Statement of Material Facts (DSMF) ¶4. In September 2002, Industrial contracted with Coleman to provide subcontracting work on the Wal-Mart in Brewer. DSMF ¶1. Industrial failed to make various payments under the contract.[2] DSMF ¶6. Ironworkers allege that they are still owed $47,129.27, of which portion consists of funds that Industrial was required to pay the Benefit Fund. Id. No express contracts were formed between the Ironworkers and Coleman-Wal-Mart. ISMF ¶7. The Ironworkers' claims against Coleman and Wal-Mart are based on Maine's mechanic's lien statute and not the contract with Industrial. Defendant's Opposing Statement of Material Fact (DOSMF) ¶11. The Ironworkers filed a mechanic's lien on December 20, 2002 and an amended lien on March 17, 2003. The lien was discharged at the Cumberland County Registry of Deeds and Coleman posted a bond in the amount of $47,129.27. ISMF ¶10.

Coleman and Wal-Mart claim that Industrial issued lien waiver certificates asserting that all of Industrial's employees had been paid the previous week. See DSMF ¶5. The Ironworkers dispute having any knowledge of these waivers, ever signing the waivers and contend that any such waivers were improper. See POSMF ¶5. The actual value of the work done including any

---

[1] Industrial agreed to pay the employees $26.50 per hour, $17.50 represented wages with the remainder representing amount allocated to the Benefit Fund.

[2] In total, the Ironworkers allege that they provided 5,500 hours of labor that amounted to $150, 198.07 that Industrial originally owed to the Ironworkers. Ironworkers allege that they are still owed $47,129.27

2

appropriate deductions to be taken is at issue. The Ironworker's claim that the value is based on the contract price with Industrial. See ISMF ¶2. Coleman and Wal-Mart claim that any amounts due to the Ironworker's are based on the value of the work done minus deductions for cost.[3] See DOSMF ¶2. As a result, the Ironworker's dispute all of Coleman and Wal-Mart's alleged deductions. See DOSMF ¶2 and PRSF ¶2, DOSMF ¶¶14-22, PRSMF ¶14-22. It also disputed as to when the Ironworkers actually completed their work and if the mechanic's lien was timely filed. DOSMF ¶8.

## Discussion

### A. Standard of Review

Both sides have filed motions for summary judgment. A party is entitled to summary judgment when the record shows that there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also* Darlings v. Ford Motor Co., 2003 ME 21, ¶14 817 A.2d 877, 879. Essentially the Court determines whether there is a genuine issue of material fact by comparing the parties' statement of material facts and corresponding record references. Corey v. Norman, Hanson & DeTroy, 1999 ME 196, ¶8, 742 A.2d 933, 938. The Court will view the evidence in light most favorable to the non-moving party. *See* Steeves v. Bernstein, Shur, Sawyer & Nelson, P.A., 1998 ME 210, P11, 718 A.2d 186.

---

[3] Coleman and Wal-Mart allege that a large number of deficiencies in the Ironworker's construction of the Wal-Mart led to costs that must be deducted from the amount owed to the Ironworkers. Included are approximately $45,000 in added heating costs, $24,000 for Coleman to maintain heat and tenting operations, $5000 for tent materials, $4,200 in renting a telescopic lift to put tenting in pace, $2,716 to replace steel damaged by the Ironworkers with a forklift, $800 on an independent contractor, $5118 to hire an outside company to complete steel erection, $2000 in added drywall costs due to repairing the Ironworker's work, $700 to hire a forklift operator after the Ironworkers failed to provide a qualified operator and $45,000 to hire a new project manager.

**B.     Coleman and Wal-Mart's Motion for Partial Summary Judgment**

Coleman and Wal-Mart have filed a motion for Partial Summary Judgment alleging that Maine's mechanic's lien foreclosure statute is preempted in this case so far the Ironworker's seek to enforce Industrial's obligation to fund the Benefit Plan.

The Ironworkers brought this claim under Maine's mechanic's lien statute. 10 M.R.S.A. §§3251 (Supp. 2003)[4]. Coleman and Wal-Mart argue that Maine's lien law *relates* to an ERISA benefit plan and is, therefore, preempted by ERISA. This Court finds that Maine's lien law does not make "reference" to an ERISA benefit plan and it does not have a "connection" with a benefit plan. Pre-emption is not triggered.

*1.     Maine's mechanic's lien statute does not make "reference" to an employee benefit plan under ERISA.*

Courts should presume that Congress does not intend to supplant state law. *See* Maryland v. Louisiana, 451 U.S. 725 (1981). However, the Employee Retirement Income Security Act supercedes "any and all State laws insofar as they may . . . *relate* to any employee benefit plan [covered by ERISA]." 29 U.S.C. § 1144 (2004) (emphasis added). ERISA will apply to a benefit plan if it is "established or maintained by an employer engaged in commerce in any industry affecting commerce; . . . ." 29 U.S.C. § 1003(a)(1). The word *"relate"* can be ambiguous, but the Court has provided guidance in two recent key decisions laying out a two-prong test: California Div. Of labor Standards Enforcement v. Dillingham Constr., 519 U.S. 316

---

[4] Whoever performs labor or furnishes labor or materials, including repair parts of machines used, or performs services as a surveyor, an architect or an engineer, or as a real estate licensee, or as an owner-renter, owner-lessor, or owner-supplier of equipment used in erecting, altering, moving or repairing a house, building or appurtenances, including any public building erected or owned by any city, town, county, school district or other municipal corporation, or in constructing, altering or repairing a wharf or pier, or any building thereon, including the surveying, clearing, grading, draining, excavating or landscaping of the ground adjacent to and upon which any such objects are constructed, or in selling any interest in land, improvements or structures, by virtue of a contract with or by consent of the owner, has a lien thereon and on the land on which it stands and on any interest such owner has in the same, to secure payment thereof, with costs.

(1997) (hereinafter *"Dillingham"*) and New York State Conference of Blue Cross & Blue Shield Plans, et al, v. Travelers Insurance Co. et. al., 514 US 645 (1995) (hereinafter *"Travelers"*). A law relates to a covered benefit plan if it makes "reference" to or has a "connection" with such a plan. *Dillingham* 519 U.S. at 324; *see also* Shaw v. Delta Air Lines Inc., 463 U.S. 85, 96-97 (1983).

The Court has stated that a "generally applicable statute that makes no reference to or indeed functions irrespective of the existence of an ERISA plan", would not *relate* to an employee benefit plan. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990). In that case, the U.S. Supreme Court found that a Texas ruling that allowed a wrongful discharge claim to be based on an employees desire to avoid ERISA benefits obligations "related" to a benefit plan and was thus, pre-empted ERISA. The Texas ruling made "reference" to a benefit plan, because the ruling court would have to determine if an ERISA plan existed before ruling that an employer wrongfully discharged an employee to avoid making contributions to such a plan. Id. at 140.

Here, Maine's lien statute does not make "reference" to a benefit plan. The statute is generalized, makes no direct or indirect reference to benefit plans and functions irrespectively from ERISA. Unlike, *Ingersoll*, no inquiry from this Court is required to enforce the lien statute in this case. Thus, the Maine mechanic's lien statute does not make "reference" to a benefit plan and is not pre-empted on these grounds.

2.      *Maine's mechanic's lien statute does not have a "connection" with an employee benefit plan under ERISA.*

*Dillingham* and *Travelers* lay out a second prong of the "relates to" test. If a state law has a "connection" with a benefit plan, then it must be pre-empted, even if the state law makes

5

not "reference" to an employee benefit plan. *Dillingham*, 519 U.S. at 324. To this extent, if a court finds that a state law provides for an "alternative enforcement mechanism" then preemption is triggered, because a "connection" with a benefit plan will have been found. *See Travelers*, 514 U.S. 658 ; *Ingersoll-Rand Co.*, 498 U.S. at 139.

At least two states have already dealt with situations virtually identical to the one before this Court and have found against preemption. In Hawai'i Laborers' Trust Funds v. Maui Prince Hotel, 918 P.2d 1143 (Hawaii 1996), the laborers made improvements on the owner's property pursuant to an agreement with a subcontractor. After receiving a default judgment, the laborers brought an action against the general contractor and the owner under Hawaii's mechanic's lien statute.[5] Id. at 1147. The Hawaiian Supreme Court found that their mechanics lien statute was not preempted by ERISA, because it merely provided a "remedy . . . to a certain class of creditors that transcends ERISA obligations and concerns." Id. at 1154. In reaching this conclusion, the court noted that its statute 1) contained broad language when it referred to "any person furnishing labor, 2) it was broad and remedial, 3) it was generic in nature, 4) it created general creditor's rights, 5) it operated independently of the establishment of an ERISA plan and 6) it did not refer to an ERISA plan. Id. at 1153.

In Plumber's Local 458 Holiday Vacation Fund v. Howard Immel, Inc., 445 N.W.2d 43 (Wis. App. 1998), the Plaintiff laborers used their state's construction lien statute[6] to collect a

---

[5] Any person or association of persons furnishing labor or material in the improvement of real property shall have a lien upon the improvement as well as upon the interest of the owner of the improvement in the real property upon which the same is situated, or for the benefit of which the same was constructed, for the price agreed to be paid (if the price does not exceed the value of the labor and materials), or if the price exceeds the value thereof or if no price is agreed upon by the contracting parties, for the fair and reasonable value of all labor and materials covered by their contract, express or implied. HAW. REV. STAT. § 507-42 (2003)

[6] In any case in which an improvement is constructed or to be constructed pursuant to a contract and payment bond under s. 779.035, any person furnishing labor or materials or plans or specifications to be used or consumed in making the improvement, to any prime contractor or subcontractor shall have a lien on the money or other payment due or to become due the prime contractor or subcontractor therefor, if the lienor, before payment is made to the prime contractor or subcontractor, gives written notice of the lienors claim by registered mail with return receipt

6

judgment against the property owner and general contractor. Id. at 44. The court found against preemption arguing that its lien law was a "general statute without any specific reference to ERISA obligations [and that it provided] a remedy available against a certain class of creditors that transcends ERISA obligations and concerns." Id. at 46.

These statutes are similar to Maine's and, thus, these cases are directly on point. Maine's mechanic's lien Statute is also a neutral generic statute that function irrespective of any ERISA mandate. It contains broad language when it refers to "[w]hoever performs labor or furnishes labor or materials", 10 M.R.S.A. § 3251, it is generic in nature, makes no reference to an ERISA plan, it creates general creditor's rights and operates independently of the establishment of an ERISA plan. *See Maui Prince Hotel*, 918 P.2d at 1153.

Coleman and Wal-Mart contend that since the Ironworkers, arguably, have a cause of action through ERISA, Maine's statute is automatically pre-empted as an "alternative enforcement mechanism." This is not the law. Such a holding would makes general lien statutes powerless to enforce obligations owed to laborers when some of those obligations happened to earmarked for a benefit plan. Like the lien statutes in Hawaii and Wisconsin, Maine's mechanic's lien statute is too generic, tenuous, remote and peripheral from an ERISA benefit plan for this Court to find that it is being used as an "alternative enforcement mechanism." The presumption that Congress does not intend to supplant state law has not been overcome.

## C. Ironworker's Motion for Summary Judgment

---

requested to the owner or authorized agent and to any mortgage lender furnishing funds for the construction of the improvement. Upon receipt of the notice, the owner and lender shall assure that a sufficient amount is withheld to pay the claim and, when it is admitted by the prime contractor or subcontractor involved or established under sub. (3), shall pay the claim and charge it to the prime contractor or subcontractor as appropriate. Any owner or lender violating this duty shall be liable to the claimant for the damages resulting from the violation. There shall be no preference among lienors serving such notices. WIS. STAT. § 799.036(1) (2003).

Plaintiff's claim that they are entitled to summary judgments as to the amounts not compensated for under the contract ($47,129.27). However, Coleman and Wal-Mart point to two genuine issues of material fact that preclude summary judgment for either party. The value of the lien and whether the Ironworkers assented to Industrial's waiver of any liens are both genuine issues of material fact. Preemption is not an issue of fact.

Whoever performs labor or furnishes labor or materials by virtue of a contract or by consent of the owner of the property has a lien on that property and on the land on which it stands. 10 M.R.S.A. § 3251 (Supp. 2003). The lien secures payment thereof with costs. There is no dispute that Coleman and Wal-Mart consented to Ironworkers improvements to the land. They claim they did not know that Industrial had contracted with the Ironworkers, but the fact remains that Coleman, Wal-Mart's general contractor, entered into a contract with Industrial in which Industrial was to hire laborers to make improvements. This is not a genuine issue of material fact. There is, however, a genuine issue of material fact as to the value of the lien.

To begin, the mechanic's lien statute states that the Court shall determine the amount for which each lienor has upon a property by jury trial if either party so requests in the pleadings, otherwise in a manner as the Court shall direct. 10 M.R.S.A. § 3258 (Supp. 2003). This section seems to indicate that the value of a lien is a question of fact suitable for a jury. While neither party has asked for a jury trial in the complaint or answer, summary judgment on the issue of the value of the lien would be inappropriate because certain factual determinations must be made.

In Maine, where the owner of a property is not a party to the contract, the determination of the value of the lien must be determined by what is the "fair and reasonable value of the labor and materials . . ." Bangor Roofing & Sheet Metal Co., v. Robbins Plumbing Co., Inc., et. al., 116 A.2d 664, 666 (Me. 1955). In other words, by what amount has the property been enhanced

by the labor and materials furnished? Id. *Bangor Roofing* went on to lay out the applicable test for this case: "Where, as here, the subcontractor has a fixed contract price with another contractor who stands between him and the owner, we think the price agreed upon represents a ceiling upon this fair and reasonable value, and it would be inequitable to permit a lien in excess of the contract price. But where the fair and reasonable value appears to be less than the subcontract price the [contract price] must yield to the [fair and reasonable value] in submission to the test as to the extent the property has been enhanced. Id.

Coleman and Wal-Mart have interpreted this case to mean that the contract price between Coleman and Industrial established the ceiling. They argue that since the payments made to the Ironworkers of $103,068.80 exceed the contract price of $98,640.00, the Defendants are entitled to summary judgment. This is not the case. The "subcontractor" that *Bangor Roofing* was referring to in that case was the supplier of labor. Applied correctly to the case before the Court, the applicable contract price comes from the contract between the Ironworkers and Industrial, approximately $150,198.07 of which approximately $103,068.80 has already been paid. Thus, the most that the lien may be worth in this case is the claimed $47,129.27. However, the actual value may be less if the fair and reasonable value of the enhancements to Wal-Mart's property were less than $150,198.07 (a genuine issue of material fact) or if deductions can be equitable made against the remaining amount (another genuine issue of material fact).

### 1.    Deductions

In Maine, the balance available for payment of liens is generally determined by considering the balance due pursuant to the contract and the fair and reasonable value of the improvements less the amount of any expenses incurred by a contractor walking off the job. Goodwin Inc., v. Fox et. al., 1999 ME 33 ¶19, 725 A.2d 541, 545. While Maine has not

9

addressed the issue of whether the cost of completing defective work should also be deductible, other jurisdictions have concluded that such costs are appropriately deducted.  See Nadeau Lumber Inc., v. Benoit, 437 A.2d 1108, 1109 (Vt. 1981); Corabi v. Curtis Publishing Co., 262 A.2d 665, 672 (Pa. 1970).  As the Supreme Court of Vermont put it, "the rationale [deductions for noncompletion by a contractor] is equally applicable to the defective workmanship situation . . . in both situations the defendant-owner incurs unforeseen expenses as a direct result of the contractor's breach." Nadeau Lumber Inc., 437 A.2d at 1109.  The Vermont decision is persuasive and its rationale should be adopted.  As a result there is a genuine issue of material fact as to whether the Ironworkers labor was defective and if any of Coleman and Wal-Mart's claimed defects[7] should be deducted from the fair and reasonable value of the Ironworker's enhancements (no more than $47,129.27 minus deductions).

There is also a genuine issue of material fact concerning whether the Ironworkers assented to the waivers that Industrial sent Coleman.  Coleman and Wal-Mart claim that the Ironworkers were aware of the waivers and did not object.  The Ironworkers claim that they were unaware of the waivers and the waivers were (somehow) defective.

### Conclusion

Defendants', Coleman and Wal-Mart, Motion for Partial Summary Judgment is **DENIED**.  Plaintiff's, Ironworkers, Motion for Summary Judgment is **DENIED**.

The Clerk may incorporate this Decision into the Docket by reference.

DATED: Oct. 4, 2004

_____
Justice, Maine Superior Court
Andrew M. Mead

---

[7] See supra note 3.

LOCAL NO 496 INTL ASSOC BRIDGE STRUCTURAL ORN - PLAINTIFF

Attorney for: LOCAL NO 496 INTL ASSOC BRIDGE
STRUCTURAL ORNN  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


LAWRENCE ASHE  - PLAINTIFF

Attorney for: LAWRENCE ASHE
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


ROBERT BUDGE  - PLAINTIFF

Attorney for: ROBERT BUDGE
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


DANIEL COX  - PLAINTIFF

Attorney for: DANIEL COX
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


WESLEY DETOUR  - PLAINTIFF

Attorney for: WESLEY DETOUR
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


ERIC DOUGHTY  - PLAINTIFF

Attorney for: ERIC DOUGHTY
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


BARRY GILES  - PLAINTIFF

SUPERIOR COURT
PENOBSCOT, ss.
Docket No  BANSC-RE-2003-00014


**DOCKET RECORD**

Attorney for: BARRY GILES
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


JASON HEALD  - PLAINTIFF


Attorney for: JASON HEALD
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


JOHN HERLIHY IV  - PLAINTIFF


Attorney for: JOHN HERLIHY IV
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


JEFFREY JOHNSON  - PLAINTIFF


Attorney for: JEFFREY JOHNSON
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


MATTHEW KIRK  - PLAINTIFF


Attorney for: MATTHEW KIRK
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


ROBERT LAWERYSON  - PLAINTIFF


Attorney for: ROBERT LAWERYSON
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


LLOYD MEADER  - PLAINTIFF

Printed on: 10/06/2004

Attorney for: LLOYD MEADER
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


MICHAEL MELLOTT  - PLAINTIFF


Attorney for: MICHAEL MELLOTT
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


FRANK MILLS  - PLAINTIFF


Attorney for: FRANK MILLS
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


DANIEL PEASE  - PLAINTIFF


Attorney for: DANIEL PEASE
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


LYNN POOLE  - PLAINTIFF


Attorney for: LYNN POOLE
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


JOHN POWELL  - PLAINTIFF


Attorney for: JOHN POWELL
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


HEATH PRESSEY  - PLAINTIFF

Attorney for: HEATH PRESSEY
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


KIP PRESSEY  - PLAINTIFF


Attorney for: KIP PRESSEY
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


WAYNE PRINCE  - PLAINTIFF


Attorney for: WAYNE PRINCE
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


TIMOTHY SANDSTROM  - PLAINTIFF


Attorney for: TIMOTHY SANDSTROM
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


WILLIAM SARGENT  - PLAINTIFF


Attorney for: WILLIAM SARGENT
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


DANIEL TWOMBLY  - PLAINTIFF


Attorney for: DANIEL TWOMBLY
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


MICHAEL WATTS  - PLAINTIFF

Attorney for: MICHAEL WATTS
SUZANNE JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


IRON WORKERS DIST COUNCIL NE WELFARE PENSION - PLAINTIFF

Attorney for: IRON WORKERS DIST COUNCIL NE WELFARE
PENSION JOHNSON  - RETAINED 04/07/2003
MCTEAGUE HIGBEE CASE COHEN ET AL
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000



VS
WAL MART REAL ESTATE BUSINESS TRUST - DEFENDANT

Attorney for: WAL MART REAL ESTATE BUSINESS TRUST
GEORGE BURNS  - RETAINED 04/22/2003
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


Attorney for: WAL MART REAL ESTATE BUSINESS TRUST
THEODORE SMALL  - RETAINED 04/22/2003
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


ALVIN J COLEMAN AND SON INC - DEFENDANT

Attorney for: ALVIN J COLEMAN AND SON INC
GEORGE BURNS  - RETAINED 04/22/2003
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


Attorney for: ALVIN J COLEMAN AND SON INC
THEODORE SMALL  - RETAINED 04/22/2003
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


INDUSTRIAL ENTERPRISES INC - DEFENDANT
C/O PAMELA D CHUTE CLERK 470 EVERGREEN WOODS
BANGOR ME 04401